UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YULE HOBSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00781 SRC |
| ERIC SCHMITT, | ) ) ) |
| Defendant. | ) ) |

**Memorandum and Order**

Self-represented plaintiff Yule Hobson brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the filing of his complaint, as well as his motion to proceed in forma pauperis and a motion for appointment of counsel. Docs. 1–3. Because plaintiff has left the financial information on the "Application to Proceed in District Court Without Prepaying Fees or Costs" blank and he has failed to sign his motion, the Court denies the motion to proceed in forma pauperis and direct plaintiff to file a new motion or pay the full filing fee of $402. The Court also denies Plaintiff's motion for counsel at this time. To the extent plaintiff wishes to proceed with his lawsuit, he must submit an amended complaint on a Court-provided form. The Court warns plaintiff that his failure to comply with this Order in all relevant aspects will result in dismissal of this action.

**I.      Legal Standard on Initial Review**

The Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it

does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The Court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

The Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**II.     The Complaint**

Plaintiff Yule Hobson filed the complaint pursuant to 42 U.S.C. § 1983 against the prior Missouri Attorney General, Eric Schmitt, on June 15, 2023.[1]  Although plaintiff's complaint and supplemental documents are made up of fifty (50) pages in total, they are disjointed and difficult to read.  Plaintiff has failed to fill out the caption of the form complaint, and he has not filled in the portion of the complaint in which defendants are usually designated.  Rather, he has written his own name under the portion of the complaint under "Defendant 2."  Doc. 1 at p. 3.

Plaintiff's "Statement of Claim" is also blank.  However, he has attached a signed document to his complaint that appears to be a "Statement of Claim."  The Court includes the entirety of the document below without alteration:

> federal warrant for his arrest.  5 Police 911 calls were made by Mr. Hobson from my listed contact number and address regarding him spraying chemicals in my house at the listed address. I was advised to contact the landlord, he stayed at the same address upstairs.  Contact the perpetrator from the address who committed premeditated burglary, carjacking, attempted murder, assault and battery, federal violation of racketeering and conspiracy to create a criminal ring.  After you identify him to get his cellphone number to Mr. Mueller and file to the federal prosecuting attorney that demonstrate the criminal conspiracy performed by this unnamed individual.
>
> Filing date 7/14/21 3 pm file for surveillance I spoke to the federal marshals to identify him immediately for holding until a trial date as he represents a danger to the community.  He has sat outside my residence all night like long in a white van with his associate who have trespassed on my property and surveilled me illegally.
>
> Mr. Yule Hobson allegations are truthful and correct.  I am willing to provide a sworn affidavit on camera when I provide my documentation of violations of federal law including racketeering and conspiracy, count one assault and battery, conspiracy to commit murder using criminal associates.  Please contact his girlfriend and compel her to testify regarding these allegations.

*Id.*

---

[1] Eric Schmitt is currently representing the State of Missouri in the United States Senate.  He assumed office on January 3, 2023.

3

Plaintiff states that at the time these events occurred, he was living in Springfield, Missouri. Doc. 1 at pp. 14, 21, 29, 42. Plaintiff appears to have contacted Robert Mueller of the Federal Bureau of Investigation (FBI); Eric Schmitt at his former Office of the Missouri Attorney General; John Hayden of the St. Louis Police Department; Karin Schute, Assistant United States Attorney; Ms. Marley, a Victim Advocate; the Honorable Rodney W. Sippel of the United States District Court of the Eastern District of Missouri; Tishaura Jones, Mayor of the City of St. Louis; Daniel Isom, Director of the St. Louis Department of Public Safety; and Kim Gardner, former St. Louis City Prosecutor, regarding his complaints. *Id.* at pp. 14, 19, 21, 29, 30, 34–42, 45–46.

In addition to the aforementioned allegations, plaintiff also complains of two instances in which the car he was driving was stolen in St. Louis, Missouri. Doc. 1 at pp.18, 31–34. Plaintiff has not articulated the relief he seeks in this action.

### III. Discussion

#### A. Motion for In Forma Pauperis (Doc. 2)

The Court's Local Rules provide that "[a]n application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case." E.D. Mo. L.R. 2.05(A). Additionally, under the Local Rules, the Clerk can return any complaint submitted for filing in forma pauperis which is not accompanied by an affidavit as required by 28 U.S.C. § 1915(a). E.D. Mo. L.R. 2.05(C).

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1). To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he

4

cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

Although plaintiff submitted the Court's "Application to Proceed In District Court Without Paying Fees or Costs," *see* Doc. 2, he has failed to fill out any financial details on the form or sign the form. *Id.* Without any financial information, the Court cannot determine whether plaintiff should be granted in forma pauperis status.

For this case to proceed, plaintiff must either provide the required financial information on a complete "Application to Proceed In District Court without Prepaying Fees or Costs," or pay the full $402 filing fee. Because the pending motion is defective under the Local Rules and the federal statute under which it may be granted, the motion will be denied at this time.

    **B.**   **Instructions for Amending Complaint (Doc. 1)**

In his complaint, plaintiff does not identify the person or persons allegedly responsible for violating his federally protected rights, and instead he seeks to proceed in this lawsuit against the former Attorney General of Missouri, Eric Schmitt. If a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). 42 U.S.C. § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989*); see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State

5

is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). As the State of Missouri is not a "person," plaintiff is missing an essential element of a § 1983 claim. Therefore, the claims against Eric Schmitt in his official capacity fail to state a claim and are subject to dismissal.

Additionally, the Court can discern no claim with a legitimate basis in law or fact. Plaintiff alleges no facts permitting the inference that Eric Schmitt (or the State of Missouri) deprived him of a federally protected right, as required to state a viable claim under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, to the extent plaintiff wishes to initiate a criminal action against an individual, he cannot compel the criminal prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Although the complaint is subject to dismissal, the Court will, in an abundance of caution, give plaintiff the opportunity to file an amended complaint to clearly set forth his claims and supporting allegations. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly

6

Case: 4:23-cv-00781-SRC   Doc. #:  5   Filed: 06/28/23   Page: 7 of 9 PageID #: 74

related to his claim.  Plaintiff must also specify the capacity in which he intends to sue the defendant.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.  *See* Fed. R. Civ. P. 8(a).  Each averment must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").  Further, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts.  Instead, plaintiff must file a single

comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). Assuming plaintiff again wishes to proceed in forma pauperis in this action, the amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915.

### C. Motion for Counsel (Doc. 3)

Plaintiff has also filed a motion to appoint counsel. A pro se litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

Here, plaintiff has yet to state a non-frivolous claim. Additionally, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

8

**IV.     Conclusion**

Accordingly, the Court denies without prejudice plaintiff's application to proceed in forma pauperis, Doc. 2, and his motion for appointment of counsel, Doc. 3. The Court directs the Clerk to send plaintiff copies of the Court's "Prisoner Civil Rights Complaint" form and "Application to Proceed In District Court without Prepaying Fees or Costs" form. No later than twenty-one (21) days of the date of this Order, plaintiff must: (1) file an amended complaint in accordance with the instructions herein, and (2) either pay the $402 filing fee or submit the completed "Application to Proceed in District Court without Prepaying Fees or Costs" form. The Court advises plaintiff that failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.

Dated this 28th day of June 2023.

*/s/ SL R. Cl*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE